614 N.W.2d 588 (2000)
462 Mich. 919
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Andrew Frederick BABICK, Jr., Defendant-Appellant.
Docket No. 115560, COA No. 207638.
Supreme Court of Michigan.
July 21, 2000.
On order of the Court, the motion for immediate consideration is considered, and it is GRANTED. The motion to reconsider, to partially vacate, and to withhold publication is also considered, and it is GRANTED in part. We grant reconsideration of, and partially vacate, our May 26, 2000 order. The following corrected text will stand as our order:
On order of the Court, the delayed application for leave to appeal from the August 13, 1999, decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
With regard to the request that we withhold publication of the May 26, 2000 order, we observe that it does not include the name of the Assistant Attorney General, and that the Court of Appeals opinion is unpublished. Because the May 26, 2000 order did enter, it should remain in the Michigan Reports, as part of the permanent record of this Court's activities.
MICHAEL F. CAVANAGH, J., would deny reconsideration.
MARILYN J. KELLY, J., dissents and states as follows:
This Court entered an order denying defendant's application for leave to appeal in this case. It indicated its disapproval of the conduct of the assistant attorney general involved with respect to his response to defendant's request for public funds for an arson expert. The order expressed an expectation that the assistant will handle such requests appropriately in the future.
The majority now reverses itself and vacates that part of the order censuring the conduct of the assistant attorney general. I continue to believe that the assistant acted in a manner inconsistent with the higher duty a prosecutor owes the public. His conduct interfered with defendant's ability to present his defense.
Because the Attorney General prosecuted this case after the Calhoun County Prosecutor declined to do so, a statute became applicable that allowed the court to order the state to pay trial costs. MCL 775.21; MSA 28.1258. Defendant obtained two $500 orders for costs, one for a private investigator and one for an arson expert. Defense counsel first sent the order for the private investigator to the assistant attorney general prosecuting this case.
In a letter dated, less than a month before trial began, the assistant refused to accept the order, claiming that his office was not the proper conduit. He advised defense counsel to submit the order to the State Administrative Board. If he had done only that, then I would have to agree that he did nothing improper. But, he also included, for defense counsel's benefit, a gratuitous warning:
MCL 775.21 [MSA 28.1258] establishes that whenever costs are incurred in a criminal case instituted by the Attorney General, those costs "may" be paid by the state "with the approval of the state administrative board." The state administrative board is vested with discretion to approve the expenditure of funds for this type of situation. Therefore, please do not forward any bills for outside services rendered on behalf of your client to this office; they will be returned. All such bills must be submitted for approval to the state administrative board by you on behalf of your client. You should be warned, however, *589 that there is recent precedent where a judge ordered the State of Michigan to pay funds under this provision and the bill was submitted to the state administrative board, which then disallowed the payments. Where such a situation develops, your only recourse is to sue the State of Michigan in the Court of Claims.
I provide this response to you not to interfere with the defense preparation for your client, but rather to protect you from being responsible for bills which the State of Michigan might refuse to pay.
What this letter did not mention is that the State Administrative Board considers claims under $1,000 against the state "upon the advice of the attorney general." MCL 600.6419(1); MSA 27A.6419(1). Ultimately, it was within the assistant's discretion whether to allow payment.
Trial proceeded without an arson expert. Defendant claims it was because defense counsel could not locate an expert who would testify without assurance of payment. The assistant attorney general counters that defense counsel abandoned her attempt to locate one. Defense counsel did not seek further assistance from the trial judge in enforcing his order that the state provide the funds for an arson expert.
Lack of action on the part of defense counsel did not justify the assistant attorney general's threat that he would not authorize payment for the order submitted. Such threats deter defense counsel from making proper trial preparation and cannot be permitted. Defendants must not be put in the position of weighing the need for an expert against the difficulties of securing payment, as predicted by the assistant attorney general. Certainly, defense counsel must take potential difficulties into consideration. It is troubling, however, that the prosecutor may force such a consideration by suggesting, shortly before trial, that he will not authorize public funds necessary to secure an expert witness.
The assistant attorney general brings to our attention the case of People v. Loyer, 169 Mich.App. 105, 425 N.W.2d 714 (1988). He argues that, because of Loyer, it is a conflict of interest for an assistant attorney general to secure public funds for expert witnesses for an indigent defendant. He is incorrect.
There is a critical difference between the circumstances presented in this case and those in Loyer. At one point, M.C.L. § 775.15; MSA 28.1252 required an indigent defendant to disclose information about his potential witnesses so that the prosecutor could give the trial court an opinion about the materiality of each witness. Defendants with means did not have to make similar disclosures. In Loyer, the Court of Appeals declared M.C.L. § 775.15; MSA 28.1252 unconstitutional on equal protection grounds. Loyer, supra, at 107, 425 N.W.2d 714.
Unlike the statute in Loyer, neither M.C.L. § 775.21; MSA 28.1258 nor M.C.L. § 600.6419(1); MSA 27A.6419(1) has been found unconstitutional. The Attorney General is constrained to abide by the Legislature's determination of the proper procedure for ensuring that indigent defendants have access to public funds for expert witnesses. Ultimately, an assistant attorney general may not deem improper the procedure that the Legislature has provided, thereby frustrating a defendant's attempt to secure public funds for expert witnesses.
I have fully reviewed all the circumstances present in this case. I remain persuaded that the assistant attorney general failed to fulfill the high duty a prosecutor owes to the public to ensure that justice is done. The Attorney General asks how to handle similar situations in the future. I suggest that it refrain from including in pretrial correspondence with defense counsel threats that the trial court's orders for public funds will not be paid. Such threats have an impermissible effect on a defense counsel's trial preparation, *590 especially because they come from the person who ultimately determines whether the funds are disbursed under M.C.L. § 600.6149(1); MSA 27A.6419(1).